Filed 7/21/15  P. v. Fluker CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C075347 |
| Plaintiff and Respondent, | (Super. Ct. No. 13F02510) |
| v. | |
| HENRY JAMES FLUKER, JR., | |
| Defendant and Appellant. | |

This is an appeal pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).

On April 19, 2013, I.E. visited her fiancé, defendant Henry James Fluker, Jr., at a motel room where he was living.  During her visit, defendant saw text messages on her cell phone, accused her of cheating on him, and destroyed her cell phone.  She attempted to leave but he barricaded the door, preventing her from leaving.  When I.E. tried to call 911 with the phone in the motel room, defendant pulled the phone cord out of the wall, increased the volume of the television, and approached her.  When she tried to hit him with the phone, defendant grabbed it and hit himself twice on the head.  He then hit I.E. across the face.  Over the next two hours, he proceeded to beat her, slapping her, choking

1

her, and threatening to kill her. The next day, I.E. left the motel room but was afraid defendant would kill her if she went to the hospital, where the police would be called. The day after that, she sought treatment at a hospital after her aunt and a best friend encouraged her to do so. She had scratches on her neck; a swollen and bruised head, face, and lip; a black eye; an injured finger; and difficulty swallowing. Hospital staff summoned the police, who arrested defendant at the motel.

Defendant testified at trial. When I.E. arrived at the motel room, she did not look beaten up. He admitted they argued in the motel room. He threw her clothes and cell phone out of the room, breaking her phone. She tried to hit him with the motel room phone. He grabbed the phone and hit himself with it. Thereafter, they kissed, made up, and got drunk. He denied ever hitting her, threatening to kill her, or preventing her from leaving. She later ate and left.

On cross-examination, defendant was impeached with a prior inconsistent statement. Defendant had told a deputy sheriff that I.E. arrived at the motel room with bruises on her face and arms that she had had for days. Defendant admitted three prior felony convictions arising from criminal conduct in 2008.

A jury convicted defendant of assault by means of force likely to cause great bodily injury (Pen. Code, § 245, subd. (a)(4)—count one);[1] battery on a dating partner, a misdemeanor (§ 243, subd. (e)(1)—count two); criminal threats (§ 422—count three); false imprisonment by violence or menace (§§ 236, 237, subd. (a)—count four); and destruction of a telephone line, a misdemeanor (§ 591—count five). In bifurcated proceedings, the court found two prior prison term allegations (§ 667.5, subd. (b)) to be true.

---

[1] Undesignated statutory references are to the Penal Code.

The court sentenced defendant to an aggregate term of seven years four months in state prison, that is: count one, the upper term of four years; count two, stayed pursuant to section 654; count three, a consecutive one-third the midterm, or eight months; count four, a consecutive one-third the midterm, or eight months; count five, 30 days in the county jail, to be served concurrently; and for the two prior prison terms, a consecutive one year each. The court awarded 195 actual days and 194 conduct days, for a total of 389 days of presentence custody credit.

Defendant appeals.

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*Wende*, *supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from defendant. Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

**DISPOSITION**

The judgment is affirmed.


                                                      RAYE            , P. J.

We concur:



        ROBIE            , J.



        DUARTE          , J.

3